William D. Lamdin, III
Pamela C. Garman
CROWLEY FLECK PLLP
490 North 31st Street, Suite 500
P.O. Box 2529
Billings, MT 59103-2529
Telephone: (406) 255-7582
Facsimile: (406) 256-0277
blamdin@crowleyfleck.com
pgarman@crowleyfleck.com

*Attorneys for Third Eye Capital Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| THIRD EYE CAPITAL CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>TODD MICHAEL CAPSER; EDWARD MICHAEL CAPSER; and JOHN DOES 1-5<br><br>Defendants. | Cause No. _____<br><br><br>**COMPLAINT** |

Plaintiff, Third Eye Capital Corporation ("TEC"), on behalf of itself and the lenders under the Credit Agreement (defined below), through its attorneys, Crowley Fleck PLLP, states and alleges as follows:

1.      On information and belief, Todd Michael Capser is a citizen and resident of Billings, Montana.

2.      On information and belief, Edward Michael Capser is a citizen and resident of Billings, Montana, and Todd Michael Capser's father.

3.      TEC is an Ontario corporation, with its principal place of business in Toronto, Canada.

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

6.      On or about October 5, 2016, TEC in its capacity as Administrative Agent on behalf of the Lenders[1], extended a loan to Wayfare Transoceanic LLC (the "Borrower"), in the principal amount of $43,300,000, pursuant to a Senior Secured Credit Facility Agreement ("Credit Agreement").  The Credit Agreement is attached as **Exhibit A**.

7.      The Credit Agreement was amended on or about December 19, 2016, October 6, 2017, and December 20, 2017.  These amendments are attached as **Exhibit B**.  The Credit Agreement incorporates each of these amendments.

---

[1] The Initial Lenders under the Credit Agreement are Third Eye Capital Credit Opportunities Fund – Insight Fund, Third Eye Capital Alternative Credit Trust and MBI/TEC PD01 US, L.P.

8.      As an inducement to TEC, in its capacity as Administrative Agent to make the loan under the Credit Agreement, Todd Capser, as a Guarantor executed and delivered to TEC a Key Man Guaranty dated October 6, 2016, under which he unconditionally and irrevocably guaranteed and promised the complete payment and performance of all "Guaranteed Obligations" of the "Loan Parties" to the "Administrative Agent," TEC, arising under the Credit Agreement.  The Key Man Guaranty is attached as **Exhibit C**.

9.      As an inducement to TEC, in its capacity as Administrative Agent to make the loan under the Credit Agreement, Edward Michael Capser, as a Guarantor executed and delivered to TEC, the Capser Senior Limited Guaranty dated October 6, 2016, under which he unconditionally and irrevocably guaranteed and promised complete payment and performance of all "Guaranteed Obligations" of the "Loan Parties" to the "Administrative Agent," TEC, arising under the Credit Agreement.  This Guaranty was limited to $25,000,000, pursuant to the terms of the Capser Senior Limited Guaranty, attached as **Exhibit D**.  This Guaranty was amended, on or about December 19, 2016, by the Capser Senior Amended & Restated Limited Guaranty, attached as **Exhibit E**, and further amended on or about December 20, 2017, by the Capser Senior Second Amended & Restated Guaranty, attached as **Exhibit F**.  The Capser Senior Limited Guaranty, as amended removed the monetary limitation on Edward Michael Capser's

Guaranteed Obligations.

## COUNT I: FRAUD

10.     TEC re-alleges and incorporates its allegations as set forth above.

11.     Pursuant to the terms of the Credit Agreement, Edward Michael Capser entered into the Capser Senior Pledge Agreement with TEC as the Administrative Agent, attached as **Exhibit G**.  Through this agreement, Edward Michael Capser granted the Administrative Agent a security interest in certain purported financial assets, including the "Pledged Account," as collateral for the Credit Agreement.  This Pledged Account referred to Account No. INVBQ7 held by Edward Michael Capser with Bessemer Trust Company, N.A. ("Bessemer Trust").

12.     Todd Capser provided the Administrative Agent with a fabricated account statement regarding the supposed value of the underlying securities in the Pledged Account, falsely identified as being held with Bessemer Trust.  A copy of an account statement delivered on July 31, 2016 is attached as **Exhibit H**.

13.     Under the terms of the Capser Senior Pledge Agreement, Edward Michael Capser agreed to maintain the Pledged Account at all times with an aggregate market value to exceed $22,500,000.  Edward Michael Capser agreed to deliver, or cause to be delivered, a daily report to the Administrative Agent showing the market value of the Pledged Account.

14.    On December 20, 2017, Edward Michael Capser agreed, in Amendment No. 3 to the Credit Agreement, to maintain the Pledge Account with a value of not less than $30,000,000 at all times.

15.    As part of the Capser Senior Pledge Agreement, Edward Michael Capser entered into an Account Control Agreement dated September 29, 2016, with TEC and Bessemer Trust.  This agreement, and subsequent amendments are attached as **Exhibit I**.

16.    The Account Control Agreement, and subsequent amendments, were provided to TEC by Edward Michael Capser and/or Todd Capser, with signatures represented to be from Bessemer Trust.

17.    Under the Capser Senior Pledge Agreement, there is a requirement to deliver a daily report showing the market value of the Pledged Account for each business day.   TEC received daily account statements from an email address: clientcare@bessemersecure.com, representing the value of the Pledged Account. These statements indicated a sufficient value of the Pledged Account had been maintained at all times.  The last such daily statement received on December 4, 2018, prior to the fraud being discovered showed a value of the underlying securities in the Pledged Account of $33,551,178.31.  A copy of the account statement and email dated December 4, 2018 is attached in **Exhibit J**.

18.    In December, 2018, TEC was informed by Bessemer Trust that

Edward Michael Capser does not have and never has had an account with Bessemer Trust, and that the Pledged Account does not exist.

19.     Edward Michael Capser and/or Todd Capser provided TEC with the Account Control Agreement, and subsequent amendments, each with forged signatures of an employee from Bessemer Trust.

20.     Edward Michael Capser and/or Todd Capser fabricated the existence of the Pledged Account and provided or assisted others in providing false daily account statements to TEC.

21.     TEC relied on these representations in executing the Credit Agreement and subsequent agreements (including extensions to the original loan Maturity Date of April 5, 2018).

22.     Edward and/or Todd Capser knowingly and intentionally misrepresented the existence of the Pledged Account and underlying securities portfolio and further fabricated the account and daily account statements in order to induce TEC to provide credit under the Credit Agreement.

23.     TEC relied on a series of agreements and material representations from Edward and Todd Capser representing that the account existed and had the requisite amount required under the Credit Agreement.  These material representations included daily account statements provided by Todd Capser to TEC, and frequent and periodic communications with Todd Capser regarding the

status of the Collateral, operations of the Borrower's business and refinancing arrangements.

24.     As a result of the fraudulent actions of Edward Michael Capser and Todd Capser, TEC has incurred significant damages, and likely loan losses under the Credit Agreement, and in an amount not yet determined.

## COUNT II: CIVIL CONSPIRACY

25.     TEC re-alleges and incorporates its allegations as set forth above.

26.     Todd and Edward Michael Capser orchestrated the submission of the Capser Senior Pledge Agreement, the Account Control Agreement and amendments, the Capser Senior Limited Guaranty, the Capser Senior Amended & Restated Limited Guaranty, Capser Senior Second Amended & Restated Guaranty, and related agreements.

27.     Todd and Edward Michael Capser orchestrated the submission of daily account statements pursuant to the Pledge Agreement based on an account they fabricated with Bessemer Trust.

28.     Todd and Edward Michael Capser knew these daily account statements were false and that the account did not exist.

29.     Through these actions, Todd and Edward Michael Capser misled TEC and others for the purpose of obtaining the Credit Agreement for the Borrower by fraudulently representing the existence of the Pledged Account, Bessemer Trust

Signatures, the daily account statements, and other representations made in the course of executing the related agreements.  TEC relied on these representations to its detriment and was unaware the representations were false.

30.     As a result of the actions of Edward Michael Capser and Todd Capser, TEC has incurred significant damages, and likely loan loses under the Credit Agreement, and in an amount not yet determined but not less than the losses incurred under the Credit Agreement.

## COUNT III:  GUARANTY AGREEMENT

31.     The Loan Parties are obligated to the Administrative Agent, pursuant to the terms of the Credit Agreement, dated October 5, 2016, payable with interest.

32.     TEC is the Administrative Agent under the terms of the Credit Agreement and the Guaranties.

33.     Todd Capser and Edward Michael Capser are jointly and severally liable for the obligations under the Agreement, pursuant to the terms of the Guaranties.

34.     Borrower has failed to make its payments and is in default under the terms of the Agreement.  Guarantors were notified of such default by letter, dated December 10, 2018.  True and correct copies of this letter are attached as **Exhibit K.**  By these letters, TEC declared, and does hereby declare, the full amount payable under the Agreement and Guaranties to be immediately due and payable.

35.     As of December 6, 2018, the following amounts were due and payable to TEC under the Guaranties as follows:

**Agreement:**

| | |
|---|---|
| Principal | $42,338,506.80 |
| Interest | $83,517.06 |
| Default Interest | $69,597.60 |

**Revolving Credit Advances:**

| | |
|---|---|
| Principal | $1,048,195.02 |
| Interest | $2,627.70 |
| Default Interest | $1,732.02 |

Together with interest accruing in the amount of $26,566.81 per day, beginning on December 7, 2018 and continuing until the date of payment of all amounts due under the Agreement.

36.     It has been necessary for TEC to employ counsel to prosecute this action and to collect under the Guaranties, and TEC is obligated to pay its attorneys a reasonable attorney fee for the service rendered.  TEC is entitled to recover reasonable fees and expenses from Guarantors based on the terms of the Guaranty agreements.

**WHEREFORE**, Plaintiff TEC prays for judgment against Defendants as follows:

A.     That TEC recover joint and several judgment against Defendants Edward Michael Capser and Todd Capser for the sum of $43,544,176.20, together with prejudgment interest on the principal balance of the Agreement from

December 7, 2018 until entry of judgment at the rate of $26,566.81 per day;

      B.     For interest on the entire amount found due and owing from the date of entry of judgment until the judgment is paid in full;

      C.     For punitive damages;

      D.     For attorney fees and costs; and

      E.     For such other and further relief as this Court deems just and proper.

DATED this 10th day of April, 2019.

CROWLEY FLECK PLLP

By /s/ *William D. Lamdin, III*

William D. Lamdin, III
Pamela C. Garman
P.O. Box 2529
Billings, MT  59103-2529
Telephone: (406) 252-3441
blamdin@crowleyfleck.com
pgarman@crowleyfleck.com
*Attorneys for Third Eye Capital Corp.*