Kris A. McLean
Tyson A. McLean
Kris A. McLean Law Firm, PLLC
PO Box 1136
Florence, Montana 59833
Phone: 406-214-1965
kris@krismcleanlaw.com
tyson@krismcleanlaw.com

*Attorneys for Edward Michael Capser*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THIRD EYE CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TODD MICHAEL CAPSER; EDWARD MICHAEL CAPSER; and JOHN DOES 1-5<br><br>Defendants. | Cause No.: CV-19-38-BLG-SPW-TJC<br><br>**ANSWER, COUNTERCLAIM AND CROSSCLAIM** |

Comes now Defendant, Edward Michael Capser, by and through counsel Kris A. McLean of the Kris A. McLean Law Firm, PLLC and answers the Complaint in this matter as follows:

1. Defendant admits the allegations contained in paragraph 1.

2. Defendant admits the allegations contained in paragraph 2.

3. Defendant lacks sufficient information to form a belief regarding the allegations contained in paragraph 3 and therefore denies the same.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant admits the allegations contained in paragraph 5.

6. Defendant lacks sufficient information to form a belief regarding the allegations contained in paragraph 6 and therefore denies the same.

7. Defendant lacks sufficient information to form a belief regarding the allegations contained in paragraph 7 and therefore denies the same.

8. Defendant lacks sufficient information to form a belief regarding the allegations contained in paragraph 8 and therefore denies the same.

9. Defendant denies the allegations contained in paragraph 9.

10. Paragraph 10 of the Complaint realleges allegations which Defendant has already answered above. Defendant reasserts and incorporates his answers above in responding to paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant lacks sufficient information to form a belief regarding the allegations contained in paragraph 12 and therefore denies the same.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant lacks sufficient information to form a belief regarding the allegations contained in paragraph 17 and therefore denies the same.

18. As for the allegations contained in paragraph 18, Defendant lacks sufficient information to form a belief about when or whether Plaintiff was advised of anything by Bessemer Trust. Defendant admits that he never had an account with Bessemer Trust.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant lacks sufficient information to form a belief regarding the allegations contained in paragraph 21 and therefore denies the same.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant lacks sufficient information to form a belief regarding the allegations contained in paragraph 23 and therefore denies the same.

24. Defendant denies the allegations contained in paragraph 24.

25. Paragraph 25 of the Complaint realleges allegations which Defendant has already answered above. Defendant reasserts and incorporates his answers above in responding to paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant lacks sufficient information to form a belief regarding the allegations contained in paragraph 32 and therefore denies the same.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

## COUNTERCLAIM-PREDATORY LENDING

37. To the extent Plaintiff extended a loan to Wayfare Transoceanic LLC as alleged in paragraphs 6-11 of the Complaint, Plaintiff engaged in the practice of predatory lending and therefore has unclean hands in the transactions described in the Complaint.

38. During the time period alleged in the Complaint, Defendant Edward Michael Capser understood that his son, Defendant Todd Michael Capser, was trying to obtain financing to start a shipping business. At the request of Defendant Todd Michael Capser, Defendant Edward Michael Capser signed signature page documents. These signature pages were not attached to or made a part of

other documents when presented to Defendant Edward Michael Capser for signing. Defendant Edward Michael Capser trusted his son, Defendant Todd Michael Capser, and signed the signature page documents unaware of what statements or representations or promises to which his signature would be applied.

39. As part of its predatory lending practice and unclean hands, Plaintiff failed to conduct due diligence concerning the signature of Defendant Edward Michael Capser that seems to appear on attachments supporting its Complaint.

40. Plaintiff's predatory lending practice, unclean hands and failure to conduct due diligence in making the loan to Wayfare Transoceanic LLC as alleged in paragraphs 6-11of its Complaint caused Defendant Edward Michael Capser to suffer general and special damages in an amount to be determined at trial.

## CROSSCLAIM-FRAUD

41. To the extent Plaintiff extended a loan to Wayfare Transoceanic LLC as alleged in paragraphs 6-11 of the Complaint, Defendant Todd Michael Capser engaged in fraud against Defendant Edward Michael Capser and therefore has unclean hands in the transactions described in the Complaint.

42. During the time period alleged in the Complaint, Defendant Edward Michael Capser understood that his son, Defendant Todd Michael Capser, was trying to obtain financing to start a shipping business. At the request of Defendant

Todd Michael Capser, Defendant Edward Michael Capser signed signature page documents. These signature pages were not attached to or made a part of other documents when presented to Defendant Edward Michael Capser for signing. Defendant Edward Michael Capser trusted his son, Defendant Todd Michael Capser, and signed the signature page documents unaware of what statements or representations or promises to which his signature would be applied.

43. Without informing Defendant Edward Michael Capser of the statements or representations or promises to which his signature would be applied, Defendant Todd Michael Capser fraudulently, and without the knowledge of Defendant Edward Michael Capser, apparently appended or submitted the signature pages signed by Defendant Edward Michael Capser as described above to the documents now attached to Plaintiff's Complaint.

44. Defendant Todd Michael Capser's fraudulent obtaining and utilizing Defendant Edward Michael Capser's signature to obtain the loan from Plaintiff as alleged in paragraphs 6-11 of Plaintiff's Complaint caused Defendant Edward Michael Capser to suffer general and special damages in an amount to be determined at trial.

RESPECTFULLY submitted this 14th day of June 2019,

/s/ Kris A. McLean
Kris A. McLean
Kris A. McLean Law Firm, PLLC
Attorney for Defendant
Edward Michael Capser

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June 2019, the foregoing document was served on the following individuals by ECF filing:

William D. Lamdin, III
Pamela C. Garman
CROWLEY FLECK PLLP
490 North 31st Street, Suite 500
P.O. Box 2529
Billing, MT 59103-2529

Mark D. Parker
Parker, Heitz and Cosgrove, PLLC
401 N. 31st Street, Suite 895
PO Box 7212
Billings, Montana 59103-7212

/s/ Kris A. McLean
Kris A. McLean
Kris A. McLean Law Firm, PLLC
Attorney for Defendant
Edward Michael Capser