Kris A. McLean
Tyson A. McLean
Kris A. McLean Law Firm, PLLC
PO Box 1136
Florence, Montana 59833
Phone: 406-214-1965
kris@krismcleanlaw.com
tyson@krismcleanlaw.com

*Attorneys for Edward Michael Capser*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THIRD EYE CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TODD MICHAEL CAPSER; EDWARD MICHAEL CAPSER; and JOHN DOES 1-5<br><br>Defendants. | Cause No.: CV-19-38-BLG-SPW-TJC<br><br>**Defendant Edward Michael Capser's Preliminary Pretrial Statement** |

COMES NOW Defendant Edward Michael Capser by and through counsel, Kris A. McLean Law Firm, PLLC, and hereby provides, pursuant to Rule 16.2, Local Rules of Procedure, United States District Court for the District of Montana, the following Preliminary Pretrial Statement:

1

## A. Brief Factual Outline

During the time period alleged in the Complaint, Defendant Edward Michael Capser understood that his son, Defendant Todd Michael Capser, was trying to obtain financing to start a shipping business. At the request of Defendant Todd Michael Capser, Defendant Edward Michael Capser signed signature page documents. These signature pages were not attached to or made a part of other documents when presented to Defendant Edward Michael Capser for signing. Defendant Edward Michael Capser trusted his son, Defendant Todd Michael Capser, and signed the signature page documents unaware of what statements or representations or promises to which his signature would be applied.

To the extent Plaintiff extended a loan to Wayfare Transoceanic LLC as alleged in paragraphs 6-11 of the Complaint, Plaintiff engaged in predatory lending practices against Defendant Edward Michael Capser. As part of its predatory lending practice and unclean hands, Plaintiff failed to conduct due diligence concerning the signature of Defendant Edward Michael Capser that seems to appear on attachments supporting its Complaint. In its Answer to Defendant Edward Michael Capser's counterclaim, Plaintiff asserts that Defendant Edward Michael Capser was represented by competent counsel during the transaction and attaches a letter apparently signed by the law firm "Holland and Hart" in support of its assertion. In fact, Defendant Edward Michael Capser

had never seen this letter before reviewing Plaintiff's Answer to his Counterclaim was not represented by any counsel during the transaction at issue in this case.

**B. Basis for Jurisdiction and Venue**

This Court has jurisdiction pursuant to 28 U.S.C. 1332 based on complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this district pursuant to 28 US.C. 1391(b).

**C. Related Litigation**

Defendant Todd Michael Capser has pled guilty to charges in a criminal case in the Southern District of New York on related criminal charges. USA v. Capser, Case No. 1:19- cr-00337-JPO.

**D. Factual and Legal Basis for Claims and Defenses**

A showing of fraud is based on: (1) a representation; (2) the falsity of that representation; (3) the materiality of the representation; (4) the speaker's knowledge of the representation's falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the representation's falsity; (7) the hearer's reliance upon the truth of the representation; (8) the hearer's right to rely upon the representation; and (9) the hearer's consequent and proximate injury or damages caused by their reliance on

3

the representation. *Morrow v. Bank of Am., N.A.*, 375 Mont. 38, 55 (2014).

As sad and disturbing as it is, Defendant Todd Michael Capser intentionally duped his father, Defendant Edward Michael Capser into "signing" loan agreement and supporting documentation that now forms the basis of this lawsuit. Defendant Edward Michael Capser trusted his son and signed blank signature pages of documents that he had no idea were going to be used to fraudulently obtain a $43M loan, let alone potentially obligate him to pay it back.

For its part, Plaintiff totally failed to conduct sufficient due diligence of the Defendants' ability to secure a $43M loan or ability to make any payments on such a loan. Plaintiff never should have made a loan that utilized defendant Edward Michael Capser's "assets" as security. Plaintiff made this gigantic loan, apparently secured by two ocean going cargo ships, received substantial sums of money in loan payments from Defendant Todd Michael Capser, and now is foreclosing to obtain possession of the extremely valuable cargo ships. Such is the nature of predatory lending—make an over-secured loan that cannot reasonably repaid by the borrower and then foreclose upon failure to pay and obtain title to the more valuable security.

**E. Proposed Additional Stipulations**

As this litigation progresses, the parties will endeavor to enter additional stipulations.

**F. Controlling Issues of Law Suitable for Pretrial Disposition**

At this time, Defendant Edward Michael Capser does not foresee issues of law suitable for pretrial disposition. The issue of Defendant Edward Michael Capser's unknowing participation in the fraudulent transaction at issue in this matter is one that must be determined by a trier of fact. Similarly, the issue of Plaintiff's predatory lending practices must be submitted to a jury.

**G. Individuals Known or Believed to Have Information That May be Used to Prove Claims or Defenses**

1. Principals or employees of Plaintiff
2. Todd Michael Capser
3. Edward Michael Capser

**H. Status of Discovery**

No discovery has been conducted by the parties.

**I. Substance of Any Insurance Agreements That May Cover Any Resulting Judgment**

Defendant Michael Edward Capser is not presently aware of any insurance agreements that might cover any resulting judgment in this case.

**J. Suitability of Special Procedures**

Defendant Michael Edward Capser does not anticipate proposing the use of any special procedures in this case.

RESPECTFULLY submitted this 17th day of October 2019,

/s/ Kris A. McLean
Kris A. McLean
Kris A. McLean Law Firm, PLLC
Attorney for Defendant
Edward Michael Capser

# CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October 2019, the foregoing document was served on the following individuals by ECF filing:

William D. Lamdin, III
Pamela C. Garman
CROWLEY FLECK PLLP
490 North 31st Street, Suite 500
P.O. Box 2529
Billing, MT 59103-2529

Mark D. Parker
Parker, Heitz and Cosgrove, PLLC
401 N. 31st Street, Suite 895
PO Box 7212
Billings, Montana 59103-7212

/s/ Kris A. McLean
Kris A. McLean
Kris A. McLean Law Firm, PLLC
Attorney for Defendant
Edward Michael Capser